UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN TRUJILLO<br>Plaintiff, | CIVIL NO. |
| v. | 3:08CV1483(JCH) |
| PHILIP YEAGER, A/K/A/ PHIL YEAGER,<br>MICHAEL PILGER, TRINITY COLLEGE,<br>Defendants. | SEPTEMBER 26, 2008<br>08CV01483 JCH |

## PETITION FOR REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

Defendants, MICHAEL PILGER, TRINITY COLLEGE, PAULA RUSSO, DR. JAMES F. JONES, JR., and SCOTT REYNOLDS, respectfully state:

1. An action was commenced against Defendants in the Superior Court for the Judicial District of Danbury, in the State of Connecticut, which is entitled <u>Kevin Trujillo v. Philip Yeager, et al</u>, with the service of a Summons and Complaint on Michael Pilger, Trinity College, Paula Russo, Dr. James F. Jones, Jr. and Scott Reynolds on September 2, 2008. No further proceedings have been had in the instant action. Copies of all process, pleadings and orders served upon the Defendants in said action are annexed hereto as **Exhibit A**.

2. The above described action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, diversity of citizenship.

3. According to the Summons, Plaintiff has at all times relevant and currently resides in the State of California.

4.      Defendants MICHAEL PILGER, TRINITY COLLEGE, PAULA RUSSO, DR. JAMES F. JONES, JR., and SCOTT REYNOLDS, are citizens of and reside in the State of Connecticut. Defendant Philip Yeager is a citizen of and resides in the State of Illinois. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      Defendant Philip Yeager consents to the removal of this action to Federal Court.

6.      Defendants MICHAEL PILGER, TRINITY COLLEGE, PAULA RUSSO, DR. JAMES F. JONES, JR., and SCOTT REYNOLDS, received the initial proceedings setting forth the claim for relief upon which this action is based on September 2, 2008, and therefore, this Petition for Removal is filed with this Court within thirty (30) days after such receipt, as calculated under Rule 6 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants request that the above action, now pending in the Superior Court for the State of Connecticut, in the Judicial District of Danbury, be removed to the United States District Court for the District of Connecticut.

THE DEFENDANTS,
**MICHAEL PILGER, TRINITY COLLEGE, PAULA RUSSO, DR. JAMES F. JONES, JR., and SCOTT REYNOLDS,**

By: _/s/_____
James M. Sconzo, Esq.  (Fed. Bar# ct04571)
Michael G. Petrie, Esq. (Fed. Bar# ct22789)
JORDEN BURT, LLP
175 Powder Forest Drive, Suite 201
Simsbury, CT 06089
860-392-5000
Juris No. 420124

## **CERTIFICATION**

This is to certify that on this 26th day of September, 2008 a copy of the foregoing was mailed to all counsel of record as follows:

Peter A. Berdon, Esq.
BERDON YOUNG & MARGOLIS, P.C.
132 Temple Street
New Haven, CT  06510

                                              _____
                                              Michael G. Petrie
                                              Jorden Burt, LLP

204367

# EXHIBIT A

Case 3:08-cv-01483-JCH   Document 1   Filed 09/26/08   Page 4 of 15

| SUMMONS - CIVIL<br>(Except Family Actions)<br>JD-CV-1 Rev. 1-2000<br>C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs 3-1 thru 3-21, 8-1 | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov | "X" ONE OF THE FOLLOWING:<br>Amount, legal interest or property in demand, exclusive of interest and costs is:<br>☐ less than $2,500<br>☐ $2,500 through $14,999.99<br>☒ $15,000 or more<br>("X" if applicable)<br>☐ Claiming other relief in addition to or in lieu of money or damages. |
|---|---|---|

**INSTRUCTIONS**
1. Type or print legibly: sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.) (Must be a Tuesday) **9/30/08**

☒ JUDICIAL DISTRICT   ☐ HOUSING SESSION   ☐ G.A. NO.   AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) **Hartford**

CASE TYPE (See JD-CV-1c)   Major **T**   Minor **90**

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
**95 Washington Street, Hartford, CT 06106**

TELEPHONE NO. (with area code) **860 548-2700**

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) | NOTE: Individuals' Names: Last, First, Middle Initial | ☐ Form JD-CV-2 attached | PTY NO. |
|---|---|---|---|---|
| FIRST NAMED PLAINTIFF | Trujillo, Kevin   9386 Banyan Street, Alta Loma, CA 91737 | | | 01 |
| Additional Plaintiff | | | | 02 |
| FIRST NAMED DEFENDANT | Yeager, Philip a/k/a Phil Yeager   550 Woodland Avenue, Hinsdale, IL 60521-4860 | | | 50 |
| Additional Defendant | Pilger, Michael   32 Grennan Road, West Hartford, CT 06107-1817 | | | 51 |
| Additional Defendant | Trinity College   300 Summit Street, Hartford, CT 06106 | | | 52 |
| Additional Defendant | Trinity College, Paula Russo, Vice Pres for Administration, 300 Summit Street, Hartford, CT 06106 | | | 53 |

**NOTICE TO EACH DEFENDANT**

1. **YOU ARE BEING SUED.**
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. **The Clerk of Court is not permitted to give advice on legal questions.**

| DATE **8/27/08** | SIGNED (Sign and "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT **Peter A. Berdon** |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code)<br>**Berdon, Young & Margolis, P.C., 132 Temple Street, New Haven, CT 06510** | TELEPHONE NUMBER **203 772-3740** | JURIS NO. (If atty. or law firm) **03487** |
|---|---|---|

| NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)<br>**Nicole Phipps, 132 Temple Street, New Haven, CT 06510** | SIGNATURE OF PLAINTIFF IF PRO SE |
|---|---|

| # PLFS. **1** | # DEFS. **6** | # CNTS. **3** | SIGNED (Official taking recognizance, "X" proper box) | ☒ Comm. of Superior Court ☐ Assistant Clerk | For Court Use Only<br>FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

A TRUE COPY ATTEST:

JOHN R. GRIFFIN
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

**ORIGINAL**

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2 Rev. 4-97

STATE OF CONNECTICUT
**SUPERIOR COURT**

FIRST NAMED PLAINTIFF *(Last, First, Middle Initial)*
Trujillo, Kevin

FIRST NAMED DEFENDANT *(Last, First, Middle Initial)*
Yeager, Philip a/k/a Phil Yeager

### ADDITIONAL PLAINTIFFS

| NAME *(Last, First, Middle Initial, if individual)* | ADDRESS *(No., Street, Town and ZIP Code)* | CODE |
|---|---|---|
|  |  | 03 |
|  |  | 04 |
|  |  | 05 |
|  |  | 06 |
|  |  | 07 |
|  |  | 08 |
|  |  | 09 |
|  |  | 10 |
|  |  | 11 |
|  |  | 12 |
|  |  | 13 |

### ADDITIONAL DEFENDANTS

| NAME *(Last, First, Middle Initial, if individual)* | ADDRESS *(No., Street, Town and ZIP Code)* | CODE |
|---|---|---|
| Trinity College, Dr. James F. Jones, Jr., Pres and Board of Trustees ex officio | 300 Summit Street, Hartford, CT 06106 | 54 |
| Trinity College, Scott Reynolds, Secretary | 300 Summit Street, Hartford, CT 06106 | 55 |
|  |  | 56 |
|  |  | 57 |
|  |  | 58 |
|  |  | 59 |
|  |  | 60 |

| | CODE | FOR COURT USE ONLY - FILE DATE |
|---|---|---|
|  | 61 |  |
|  | 62 |  |
|  | 63 | DOCKET NO. |

**CIVIL SUMMONS-Continuation**

| | |
|---|---|
| RETURN DATE: SEPTEMBER 30, 2008 | : SUPERIOR COURT |
| | : |
| KEVIN TRUJILLO | : JUDICIAL DISTRICT |
| | : OF HARTFORD |
| V. | : |
| | : AT HARTFORD |
| PHILIP YEAGER A/K/A PHIL YEAGER, | : |
| MICHAEL PILGER and TRINITY COLLEGE | : AUGUST 27, 2008 |

## COMPLAINT

COUNT ONE-        NEGLIGENCE AS TO DEFENDANT PHILIP YEAGER A/K/A PHIL YEAGER

1.    At all times relevant to the events in this complaint, the plaintiff, Kevin Trujillo, was a cadet and varsity soccer player at the United States Coast Guar Academy in New London Connecticut, and a resident of this state.

2.    At all times relevant to the events in this complaint, the defendant, Philip Yeager a/k/a Phil Yeager, was a student at Trinity College in Hartford, Connecticut where he was tri-captain of the men's soccer team, and a resident of this state.

3.    Defendant Trinity College is a private educational institution with a NCAA Division III men's varsity soccer team that competes against various area-college teams, including the United States Coast Guard Academy, and is subject to the rules of the NCAA.

4.    On or about September 12, 2006, the plaintiff and defendant were engaged in a soccer match between their respective colleges.

5.  During the course of the game, the plaintiff was attempting to receive a pass from his team mate when, suddenly and without warning, he was struck in the head with great force and violence by defendant Yeager, who was charged with a caution by game officials.

6.  Defendant Yeager was careless and negligent in one or more of the following ways:

    a.  He used unnecessary and unreasonable force against the plaintiff in playing the game;

    b.  He engaged in violent or dangerous charging in violation of Rule 12.5 of the NCAA Men's Soccer Rules in such a way that he knew or should have known that serious injury would result;

    c.  He engaged in dangerous play in violation of Rule 12.9 of the NCAA Men's Soccer Rules;

    d   He engaged in unsporting conduct in violation of Rule 12.12 of the NCAA Men's Soccer Rules in such a way that he knew or should have known that serious injury would result.

7.  As a result of Defendant Yeager's negligence and carelessness aforesaid, the plaintiff suffered serious and debilitating injuries to his body including a fractured skull, lacerations and/or bruising, a severe shock to his nervous system, pain and suffering; any and all of such injuries or conditions may be of a permanent nature.

8. As a further result of Defendant Yeager's negligence and carelessness, the plaintiff was forced to seek medical treatment for his injuries and incur expenses for such treatment, and may seek further treatment and incur further expenses in the future.

9. As a further result of Defendant Yeager's carelessness and negligence, the plaintiff suffered a loss of life's pleasures and may be further so impaired in the future.

10. As a further result of Defendant Yeager's carelessness and negligence, the plaintiff lost wages and/or suffered an impairment of his ability to earn income and may be so impaired in the future.

<u>COUNT TWO:</u>   <u>RECKLESSNESS AS TO DEFENDANT PHILIP YEAGER A/K/A PHIL YEAGER</u>

1-5. Paragraphs 1 through 5 of Count one are incorporated herein by reference and made paragraphs 1 through 5 of Count Two as in fully set forth herein.

6. Defendant Yeager's conduct was willful, wanton or reckless in one or more of the following ways:

    a. He used unnecessary and unreasonable force against the plaintiff in playing the game where, as tri captain of the soccer team he knew or should have known that serious injury would result;

  b. He willingly engaged in violent or dangerous charging in violation of Rule 12.5 of the NCAA Men's Soccer Rules in such a way that he knew or should have known that serious injury would result;

  c. He willingly engaged in dangerous play in violation of Rule 12.9 of the NCAA Men's Soccer Rules;

  d He engaged in unsporting conduct in violation of Rule 12.12 of the NCAA Men's Soccer Rules in such a way that he knew or should have known that serious injury would result.

7. As a result of Defendant Yeager's willful, wanton and reckless conduct aforesaid, the plaintiff suffered serious and debilitating injuries to his body including a fractured skull, lacerations and/or bruising, a severe shock to his nervous system, pain and suffering; any and all of such injuries or conditions may be of a permanent nature.

8. As a further result of Defendant Yeager's willful, wanton and reckless conduct, the plaintiff was forced to seek medical treatment for his injuries and incur expenses for such treatment, and may seek further treatment and incur further expenses in the future.

9. As a further result of Defendant Yeager's willful, wanton and reckless conduct, the plaintiff suffered a loss of life's pleasures and may be further so impaired in the future.

10. As a further result of Defendant Yeager's carelessness and negligence, the plaintiff lost wages and/or suffered an impairment of his ability to earn income and may be so impaired in the future.

COUNT THREE    NEGLIGENCE AS TO DEFENDANT TRINITY COLLEGE and MICHAEL PILGER

1-5. Paragraphs 1 through 5 of Count one are incorporated herein by reference and made paragraphs 1 through 5 of Count Three as in fully set forth herein.

6. Defendant Michael Pilger was at all relevant times an employee, agent or servant of Trinity College and the head coach of the Trinity College men's soccer team.

7. Defendants Trinity College and Michael Pilger were responsible for the training of the members of the Trinity College men's soccer team in proper play of the game of soccer, dangers inherent to playing soccer, regard for other players' safety and well-being including opposing players, and the official rules of the game.

8. Defendants Trinity College and/or Michael Pilger, were negligent in that either one or both such defendants:

    a. failed to properly train and educate the players of the Trinity College men's soccer team, namely defendant Philip Yeager a/k/a Phil Yeager, in accordance with their responsibility to do so as aforesaid; or,

      b.      allowed an inadequately trained and educated player, namely defendant Philip Yeager a/k/a Phil Yeager, to take the field and participate in the soccer match;

all when said defendants knew or reasonably should have known that injury to other players such as the plaintiff would result.

9.      As a result of the defendants' negligence and carelessness aforesaid, the plaintiff suffered serious and debilitating injuries to his body including a fractured skull, lacerations and/or bruising, a severe shock to his nervous system, pain and suffering; any and all of such injuries or conditions may be of a permanent nature.

10.     As a further result of the defendants' negligence and carelessness, the plaintiff was forced to seek medical treatment for his injuries and incur expenses for such treatment, and may seek further treatment and incur further expenses in the future.

11.     As a further result of the defendants' carelessness and negligence, the plaintiff suffered a loss of life's pleasures and may be further so impaired in the future.

12.     As a further result of Defendant Yeager's carelessness and negligence, the plaintiff lost wages and/or suffered an impairment of his ability to earn income and may be so impaired in the future.

WHEREFORE, the plaintiff claims monetary damages on all counts, exemplary or punitive damage pursuant to Count Two, as well as any other such relief at law and equity as the interests of justice may require.

                                              THE PLAINTIFF
                                              KEVIN TRUJILLO

                                              By_____
                                              Peter A. Berdon
                                              His Attorney
                                              Berdon, Young & Margolis, PC
                                              132 Temple Street
                                              Tel. No: (203) 772-3740
                                              Fax. No. (203) 492-4444
                                              Juris No. 003487

A TRUE COPY ATTEST:

_____
JOHN R. GRIFFIN
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN TRUJILLO<br>    Plaintiff,<br><br>v.<br><br>PHILIP YEAGER, A/KA/ PHIL YEAGER,<br>MICHAEL PILGER, TRINITY COLLEGE,<br>    Defendants. | CIVIL NO.<br><br><br><br>SEPTEMBER 26, 2008 |

## CERTIFICATE OF FILING AND SERVICE OF
## NOTICE OF FILING OF PETITION FOR REMOVAL

The undersigned, attorney for Defendants, MICHAEL PILGER, TRINITY COLLEGE, PAULA RUSSO, DR. JAMES F. JONES, JR., and SCOTT REYNOLDS, hereby certifies that the attached Notice of Filing of Petition for Removal was filed on September 26, 2008, in the office of the Clerk of the Superior Court, Judicial District of Hartford, 450 Main Street, Hartford, CT 06103, and that true copies of the same were sent, by certified mail, postage prepaid, to counsel of record for the Plaintiff: Peter A. Berdon, Esq., Berdon, Young & Margolis, P.C., 132 Temple Street, New Haven, CT.

THE DEFENDANTS,
**MICHAEL PILGER, TRINITY COLLEGE, PAULA RUSSO, DR. JAMES F. JONES, JR., and SCOTT REYNOLDS**

By: _____
James M. Sconzo, Esq. (Fed. Bar# ct04571)
Michael G. Petrie, Esq. (Fed. Bar# ct22789)
JORDEN BURT, LLP
175 Powder Forest Drive, Suite 201
Simsbury, CT 06089
860-392-5000
Juris No. 420124

## CERTIFICATION

This is to certify that on this 26th day of September, 2008 a copy of the foregoing was mailed to all counsel of record as follows:

Peter A. Berdon, Esq.
BERDON YOUNG & MARGOLIS, P.C.
132 Temple Street
New Haven, CT  06510

_____
Michael G. Petrie
Jorden Burt, LLP

204354

2